### BAER v. KEMPNER.

*(Common Pleas of New York City and County, General Term.* January 7, 1889.)

1. PRACTICE IN CIVIL CASES—DISMISSAL—OBJECTIONS TO JURISDICTION.
    Under consolidation act N. Y. § 1382, providing that an action shall be dismissed when it is objected at the trial, and proved, that it is brought in the wrong district, an action brought in a district where neither plaintiff nor defendant resides should be dismissed on objection made at trial, though defendant, without objecting to the jurisdiction, has obtained an order of interpleader, paid the money sought to be recovered into court, and been dismissed.

2. SAME—WAIVER OF OBJECTIONS.
    As the objection under the above act may be taken at the trial, no presumption of waiver arises, where no objection was taken earlier, and no plea to the jurisdiction was interposed.

Appeal from Sixth district court.

Action originally brought by Baer against one Mead, who obtained an order of interpleader, bringing in Kempner. Judgment was rendered in favor of Baer, and Kempner appeals.

Argued before VAN HOESEN, P. J., and BOOKSTAVER, J.

*Nathl. Lewis,* for appellant. *R. S. Crane,* for respondent.

PER CURIAM. The cases relied on by the appellant, and reported in 2 E. D. Smith, 84, 244, are not expository of the law as it now exists, but were decided when the statute declared that every judgment of a district court was absolutely null and void where it appeared that neither the plaintiff nor the defendant resided in the district in which the action was brought. The statute now in force does not make a judgment void because both parties to an action are non-residents of the district. It merely provides that the action shall be dismissed, with costs, when it is objected at the trial, and proved by evidence, that the action is brought in the wrong district; and that, if the objection be not taken at the trial, it is waived. But if the objection be taken, and improperly overruled, there is ground for reversal on appeal, though the error does not otherwise invalidate the judgment. Section 1382, Consolidation Act. The plaintiffs both resided in the Seventh district, and Mead, the original defendant, resided in the Eighth district. The action ought therefore to have been brought in one of those two districts. For some reason that does not appear, the plaintiffs chose to bring the action in the Sixth district. To this Mead made no objection, for he did not intend to litigate the plaintiffs' claim, but to apply for an order of interpleader, for the purpose of bringing in Kempner, who claimed the broker's commission, to recover which the plaintiff brought this action. Mead succeeded in obtaining an order of interpleader, and, then paying the money into court, was discharged from further liability in the action. Had Mead chosen to make the objection, it would have been the duty of the Sixth district court to dismiss the action as soon as it was proved that neither party resided in that district, but in other districts of the city of New York. Kempner was duly brought in, and at the trial he objected that the action had been brought in the wrong district, and he adduced evidence to sustain that objection. He asked that the action be dismissed, but the justice denied the motion, and rendered judgment in favor of the plaintiffs, and against Kempner, holding that Baer, and not Kempner, was entitled to the money that Mead had paid into court. No other decision could have been made upon the evidence, but yet, in our opinion, it ought not to have been made, because the action ought to have been dismissed for the reason that the objection to the jurisdiction of the court was made in time, and fully supported by proof. Kempner, when he came into the case as the defendant, had the same right that Mead had to object to the jurisdiction, and Mead would have had the right to object at the trial. Any defendant may, under the provisions of the consolidation act, object at the trial that the ac-

tion was brought in the wrong district. It was not necessary for either Mead or Kempner to make the objection at any earlier stage of the proceedings, and no presumption of waiver on the part of either of them is created by the fact that nothing in the nature of a plea to the jurisdiction was interposed.

The suggestion that the plaintiffs were relieved from the necessity of bringing suit in the Seventh district because the justice of the Eighth district was the attorney for Mead, we do not regard as worthy of serious notice. Of course, after Kempner was brought in as a defendant, the main point of controversy was, who is entitled to the money that Mead paid into the court,—the plaintiffs or Kempner? But that controversy could lawfully be determined only by a tribunal designated by the law, or selected by the common voice of both parties. We regret to reverse this judgment, because some annoyance may result to Mead, who has paid his money into court, but no other course seems open to us, and as the matter cannot be bettered by a new trial in the Sixth district court, we reverse the judgment absolutely. All concur.