### EDEL *v.* McCONE.

*(Common Pleas of New York City and County, General Term.  June 2, 1890.)*

JUDGMENT—OPENING AND VACATING.

Under Laws N. Y. 1882, c. 410, § 1367, (Consolidation Act,) providing that any justice may upon motion set aside any default made in any action tried before him, a plaintiff who has offered proof of personal service of summons upon defendant, and obtained a judgment by default in a justice's court, cannot object to the vacation of the judgment by the justice, on proof that personal service was not had, on the ground that the justice had never acquired jurisdiction of the action.

Appeal from tenth district court.

Action by Charles Edel against Alexander C. McCone.  Judgment was rendered dismissing the complaint, and plaintiff appeals.

Argued before LARREMORE, C. J., and ALLEN and BOOKSTAVER, JJ.

*J. F. Meyer,* for appellant.    *W. F. Browne,* for respondent.

PER CURIAM.  This action was commenced by the issuing of a summons November 27, 1889, and, the defendant not being served, an *alias* was issued, and on the 13th of December, 1889, returned with proof of personal service. Defendant did not appear, and plaintiff took judgment by default for $52.50. On the 11th of January, 1890, the justice of that court, on the application of defendant, and on his affidavit setting forth that the summons had not been served upon him, granted an order to show cause why the judgment taken on the 13th of December should not be vacated and set aside.   The only ground upon which the motion to vacate the judgment was made was that no summons, or copy of a summons, had ever been served upon the defendant.   The motion was heard by the justice on the 7th of February, 1890, plaintiff's counsel not putting in any affidavit, and not controverting defendant's claim of non-personal service of the summons, but opposing the motion on the ground that the court had no jurisdiction to vacate and set aside the judgment, as it had been entered by default and the court had never acquired jurisdiction.   The justice granted the motion, vacated the judgment, and set the cause down for trial on February 14, 1890, on which day both parties appeared by their counsel.   Plaintiff's counsel refused to proceed with the trial, on the ground that the court had no power to open the judgment for the reason above set forth. Thereupon the justice, upon motion of defendant's counsel, dismissed the case, with seven dollars costs.   Hence this appeal.   By section 1367 of the consolidation act (Laws 1882, c. 410) it is provided that any justice may, upon a motion made before him, set aside any default made in any action tried before or by him.   Appellant's counsel contends that this only applies to cases where he has actually acquired jurisdiction, and in this case he had not obtained such jurisdiction by reason of the non-service of the summons. But we think he is estopped from making this claim, because the justice only acted on the proof of the personal service of the summons upon defendant offered by plaintiff, and that the inquest taken upon such proof was a trial within the meaning of that section, and therefore the court had the power to open that default, and the defendant was not driven to the necessity of an appeal, although he had that remedy, nor to an action in equity to get rid of the judgment.   Appellant also claims that, a transcript of the judgment having been filed, it was no longer a judgment of the district court.   But the court of appeals has held that the filing of a transcript does not make it a judgment of this court for any other purpose than for its enforcement; that it remains a judgment of the district court.   The judgment of dismissal should therefore be affirmed, with costs.