(20 Misc. Rep. 341.)

### WERNER v. BRAUNSTEIN et al.

(Supreme Court, Appellate Term.  May 28, 1897.)

DISTRICT COURTS OF NEW YORK—JURISDICTION OF PARTIES.
    An action in a district court of New York City will not be dismissed on the ground that neither party resides in the district, unless that fact is shown by the evidence.

Appeal from First district court.

Action by Edwin Werner against Rachel Braunstein and Joseph Silver for goods sold and delivered.  The defense was a general denial, and tender of $9.30.  From a judgment in favor of plaintiff for $119.54 damages and costs, defendants appeal.  Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Charles J. Schampain, for appellants.
Louis Levy, for respondent.

DALY, P. J.  The action was brought for the price of goods alleged to be sold for cash, and the defense offered by defendants' proof was that the goods were bought on a credit of 60 days, but, the price having been demanded by the vendors immediately after delivery, defendants proposed to return the goods, which was agreed to, and the goods returned accordingly.  This offer to return, and acceptance of such offer, were denied, and the issues submitted to a jury, which found in favor of plaintiff, who was the assignee of the vendors.  The goods were actually returned by the purchasers on the evening of the day of sale, but, as testified to on plaintiff's behalf, were not left at the vendors' place of business, but on the adjoining premises of one Brennan, who caused them to be stored.  The vendors testified that they were returned in a damaged condition, and acceptance refused; otherwise, they would have been willing to receive them.  The action was commenced five months after the date of such return.  The claim and the defense rested upon the testimony of interested witnesses, and, whatever may be the degree of doubt with which any part of such testimony is to be regarded, there can be no question that the verdict of a jury upon such an issue ought not to be disturbed.  The judge, in his charge, perhaps made it evident how his convictions tended; but he unquestionably made it plain to the jury that they were to be the judges of the facts, and it was a case which the jury would be likely to decide upon their own judgment.

A motion was made to dismiss the complaint on the ground that it did not appear that either the plaintiff or defendant resided in the district.  That ground was untenable.  To authorize the dismissal of an action in the district courts on the ground that the action was brought in the wrong district, that fact must appear from the evidence.  Consolidation Act, § 1382, subd. 3; Dammann v. Peterson, 17 Misc. Rep. 369, 40 N. Y. Supp. 70.  No proof was offered of the residence of the parties.  The other objections and exceptions are without merit.  No error was committed in the reception or rejection

of evidence. The co-partnership of the defendants was expressly testified to on behalf of both parties. The assignment to the plaintiff admitted in evidence was duly acknowledged.

Judgment affirmed, with costs. All concur.