(20 Misc. Rep. 593.)

COCHRAN v. REICH. (No. 1.)

(Supreme Court, Appellate Term. July 1, 1897.)

OPENING DEFAULT.

The power of the district courts in the city of New York, under section 1367 of the consolidation act, to open defaults, extends only to actions, and does not apply to summary proceedings.

Appeal from Sixth district court.

Action by William F. Cochran against Lorenz Reich. Appeal by tenant from final order made on default of a verified answer in summary proceedings, under the statute, for nonpayment of rent, and from an order denying a motion to open such default, and permit the tenant to come in and defend. Final order affirmed. Appeal from order refusing to open default dismissed.

Argued before McADAM and BISCHOFF, JJ.

Vanderpoel, Cuming & Goodwin (Delos McCurdy, of counsel), for appellant.

Evarts, Choate & Beaman (Treadwell Cleveland, of counsel), for respondent.

McADAM, J.   The proceeding was to remove Lorenz Reich as tenant from the premises known as the "Cambridge Hotel,". corner of Fifth avenue and Thirty-Third street, for default in the payment of $13,250, rent due at the time of demand made therefor.   A verified petition was filed by William F. Cochran, the landlord, and a precept founded on said petition was duly issued and served, returnable August 17, 1892.   Upon the return day, the tenant appeared by James D. Hewitt, his attorney, and applied for an adjournment, which was denied by the justice; and, as no answer was filed by the tenant, a final order went against him by default, awarding possession of the premises to the landlord.   The appearance by the tenant without objection conceded the regularity of the service of process, and, as all the jurisdictional facts required to be stated were alleged in the petition with care and particularity, it is difficult to discover upon what ground the record is open to attack upon appeal.   The rent was subsequently paid, and, in consequence, no warrant on the final order was executed.

There was an attempt made in the motion papers to dispute Mr. Hewitt's authority to appear, but Mr. Hewitt's affidavit upon that subject establishes that the appearance by him was authorized.   The marshal's return of service was also attacked, but this was fully met by affidavits produced by the landlord.   Without conceding the power of the justice, after final order, to pass upon such objections, it is sufficient to say that no harm came to the tenant by the rulings made, because they seem to be sustained by the proofs, and the marshal's return, upon its face, answers all the requirements of the statute.

The motion to open the default was denied March 21, 1893, on various grounds, including that of want of power,—a question we will next consider.   Section 1367 of the consolidation act, relating to the district courts, under which statute the application was made, provides that "any justice may, upon motion made before him, open and set aside any default made in any action tried before or by him," etc. This applies only to "actions" (technically so called), and not to the summary remedies authorized by statute, under which the landlord proceeded, which are denominated "special proceedings," as distinguished from actions.   Dorschel v. Burkly, 18 Misc. Rep. 241, 41 N. Y. Supp. 389; Decker v. Sexton, 19 Misc. Rep. 59, 43 N. Y. Supp. 167, 174. So that, irrespective of the merits (if any there were), the application was properly denied.

It follows that the final order must be affirmed, and the appeal from the order denying the motion to open the default dismissed, with costs.

BISCHOFF, J., concurs.