## MALTBY–HENLEY CO. v. DEANE.

(Supreme Court, Special Term, New York County. December 15, 1898.)

JUDGMENTS—POWER TO CORRECT.

    The filing of a judgment of the municipal court with the county clerk for enforcement, as required by Code Civ. Proc. § 3220, does not render the judgment that of the supreme court, so that it may be corrected by that court.

Action by William E. Deane against the Maltby-Henley Company. A judgment for plaintiff in the municipal court was filed with the county clerk, and defendant moves to correct the same by reducing the amount of fees allowed for a deposition. Denied.

Henry L. Maxson, for the motion.
William E. Deane, in pro. per.

LAWRENCE, J. I do not think that I have the power to grant this motion. The judgment, to all intents and purposes, remains, after the filing of the transcript in the county clerk's office, a judgment of the municipal court, except for the purposes of its enforcement. The judgment to be enforced is the judgment as rendered by the municipal court,—not another or a reduced judgment. Formal amendments may be allowed, but the amount of the judgment cannot be changed. The cases cited by the plaintiff's counsel do not hold to the contrary (see Hilton v. Sinsheimer, 5 Civ. Proc. R. 355; Dieffenbach v. Roch, 112 N. Y. 621, 20 N. E. 560; Edel v. McCone (Com. Pl.) 10 N. Y. Supp. 538. If the judgment in the municipal court was erroneous in any respect, the remedy is by appeal, and not by motion. Motion denied, without costs.