(26 Misc. Rep. 417.)

### PORTER v. CREGAN.

(Supreme Court, Appellate Term. February 24, 1899.)

MUNICIPAL COURTS—VACATION OF CONSENT JUDGMENT.

A municipal court of New York City cannot open a judgment entered by consent, in view of Laws 1897, c. 378, § 1369, giving such court the same power over its judgments as the justices of the district courts had December 31, 1897, and Laws 1896, c. 748, not including power to open consent judgments among the powers given to district courts to vacate or modify their judgments.

Appeal from municipal court, borough of Manhattan, Second district.

Action by William B. Porter against Alfred B. Cregan. From an order opening a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

Jeroloman & Arrowsmith, for appellant.

Ralph A. Kent, for respondent.

LEVENTRITT, J. The plaintiff, pleading in contract, recovered a judgment against the defendant on the latter's oral consent expressed in open court on the return day of the summons. The judgment was signed by the court, and duly entered. Thereafter the plaintiff, claiming to have adopted the wrong cause of action, and desiring to plead in tort, obtained an order to show cause, based upon an affidavit, seeking to have the judgment in his favor vacated and set aside, and the cause restored to the calendar for trial. The defendant opposed, but the justice granted, the motion. From the order thereon entered this appeal is taken.

We are satisfied that the justice had no power to make the order in question. It is a clear and salutary principle that inferior jurisdictions, not proceeding according to the course of common law, are confined strictly to the authority given them. They can take nothing by implication, but must show in every instance the power expressly conferred. Jones v. Reed, 1 Johns. Cas. 20. Section 1351 of the act creating the municipal courts (Greater New York Charter; Laws 1897, c. 378) provides that they "shall have the jurisdiction, powers, duties and organization hereinafter prescribed." By section 1364 the jurisdiction of the municipal court in certain civil actions and proceedings is prescribed, but by it no authority over orders is conferred. Section 1369, however, without containing any specific provision as to the justice's power to make orders, provides that:

"In so far as the same are consistent with this act, all provisions of law relating to the procedure and organization, * * * practice, proceedings, * * * judgments, * * * trials, * * * and all matters incidental to the same, the powers and duties of the justices * * * which shall be in force on the 31st day of December, 1897, shall apply to and control and govern the same in the said municipal court and the branches thereof in each district."

Unless, then, the justices of the district courts had power on the 31st day of December, 1897, to make an order vacating and setting aside a judgment entered on the consent of the parties, none now exists. In other words, the measure of authority vested in the justices, in this regard, under the charter, is the same as that vested in the justices of the district courts of the old city of New York, and is defined by section 1367 of the consolidation act, as amended by chapter 748 of the Laws of 1896. An examination of this section of the amendments, and of the decisions rendered, fails to disclose authority to make the order under consideration. Prior to the amendment of section 1367 of the consolidation act, a district court

justice became functus officio after rendering his judgment, and the only remedy of the aggrieved party was by appeal. People v. Callahan, 7 Daly, 435; Carpenter v. Willett, 28 How. Prac. 225. Nor did a justice have the power to make an order setting aside a judgment or the verdict of a jury, or granting a new trial. Schwartz v. Wechler, 2 Misc. Rep. 67, 20 N. Y. Supp. 861; Nicholson v. Moriarty, 13 Misc. Rep. 244, 34 N. Y. Supp. 57. Before the passage of chapter 748 of the Laws of 1896, a justice did have the power to make an order opening a default made in any action tried before him. Consolidation Act, Laws 1882, c. 410, § 1367; Edel v. McCone (Com. Pl.) 10 N. Y. Supp. 538. That was the limit of his power over judgments. By chapter 748 of the Laws of 1896, however, those powers were enlarged as follows:

"The court or any justice holding the same, may at any time upon motion, made upon such notice as the justice may desire, open any default, and set aside, vacate or modify any judgment entered thereon, and set the cause down for pleading, hearing or trial as the case may require upon such terms and conditions as the court or justice may deem proper. A motion to set aside the verdict of a jury and vacate or modify any judgment rendered upon a trial by the court without a jury may be made for the causes specified in section 999 of the Code of Civil Procedure."

Thus, the authority over a judgment entered is very clearly defined. No provision is made for opening a judgment entered on consent. And, inasmuch as the justice was without power to enter an order opening such a judgment before the amendment of section 1367 of the consolidation act, the conclusion is inevitable that he has none now. The order vacating and setting aside the judgment entered by consent must therefore be reversed, with costs to the appellant.

Order reversed, with costs and disbursements to appellant. All concur.