(26 Misc. Rep. 780.)

## HELLER v. HERBST.

(Supreme Court, Appellate Term. March 24, 1899.)

CITY COURT—JURISDICTION—SUMMARY PROCEEDINGS—CHANGE OF VENUE.

Under Greater New York Charter, § 1364, subd. 12, declaring the municipal court to have jurisdiction of a summary proceeding to recover real property situated in the district where the application for such recovery is made, and Consolidation Act, § 1360, authorizing the transfer of the

cause to an adjoining district, a court of a nonadjoining district to which it is transferred is without jurisdiction.

Appeal from municipal court, borough of Manhattan, Seventh district.

Summary proceeding by Bertha Heller, landlord, against Gulda Herbst, tenant. From a judgment for the landlord, the tenant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Moses Feltenstein, for appellant.

Jacob Reiger, for respondent.

LEVENTRITT, J. This is a proceeding to dispossess the tenant for the nonpayment of rent of premises known as "145 Suffolk Street." The proceeding was properly instituted in the municipal court of the city of New York, borough of Manhattan, for the Fourth district, in which the property was located. Upon the return of the precept, issue was joined, and the cause transferred for trial to the municipal court for the Seventh district. These two districts do not adjoin. On the opening of the trial the tenant objected, and protested the jurisdiction of the court; and, upon her refusal to consent to a retransfer, the justice, overruling the objections, took the evidence, and thereupon directed the jury to find a verdict for the landlord. It is our opinion that the justice was without jurisdiction to try the issue. The powers of the municipal court are entirely statutory,—Porter v. Cregan (Sup.) 56 N. Y. Supp. 200; Cochran v. Reich, 20 Misc. Rep. 592, 46 N. Y. Supp. 441,—and are derived solely from the provisions of the Greater New York charter, and the sections of the Code of Civil Procedure and of the consolidation act therein incorporated and referred to. In section 1364 of the charter the jurisdiction of the municipal court is defined, and, by subdivision 12 thereof, includes "a summary proceeding under title two of chapter seventeen of the Code of Civil Procedure to recover possession of real property which, or a portion of which, is situated within the district wherein the application for such recovery is made." When, as in this instance, the application for recovery is made in the district in which the property is situated, the extent of the power of transfer is prescribed by section 1360 of the consolidation act, which is substantially the same as section 2246 of the Code of Civil Procedure, and reads as follows:

"At the time of joining issue the justice sitting in the cause may in his discretion, upon motion of either party, or if no justice is present, the clerk may, by consent of both parties, make an order transferring the cause for trial to a district court of an adjoining district, which has the same jurisdiction and power, at its own courthouse, as if the property was situated within its district."

It is clear, therefore, that a transfer is authorized only to an adjoining district. A summary proceeding must be tried either in a district in which the property, or a part thereof, is located, or in one contiguous thereto. A justice sitting in any other district is without jurisdiction. The justice holding court in the Seventh dis-

trict was therefore without power to try the cause. The objection to this jurisdiction was well taken, and the order must therefore be reversed.

Order reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.