(27 Misc. Rep. 198.)

WHITMAN & BARNES MFG. CO. v. HAMILTON.

(Supreme Court, Appellate Term. April 21, 1899.)

1. VENUE—ACTION IN WRONG DISTRICT—REMOVAL.
    The refusal of a motion to transfer an action is proper, where no proof
    is presented as to its being commenced in the wrong district.
2. MUNICIPAL COURTS—JUDGMENT BY DEFAULT.
    Where a municipal court orders an answer to be filed, and adjourns to
    a subsequent day, it cannot in the interim render a legal judgment by
    default on failure to file answer.
3. SAME—PROOF OF CASE.
    Plaintiff cannot, in a municipal court, where his complaint is not served
    with the summons, take judgment by default without proving his case,
    since Consolidation Act, § 1383, so provides, and by section 1347 such pro-
    vision is made applicable to municipal courts.

Appeal from municipal court, borough of Manhattan, First district.

Action by the Whitman & Barnes Manufacturing Company against
George W. Hamilton. From a judgment for plaintiff, defendant ap-
peals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-
TRITT, JJ.

Bailey, Bell & Crane, for appellant.
Benjamin & Loeser, for respondent.

FREEDMAN, P. J. The plaintiff in this action alleges that it is
a foreign corporation, organized under the laws of the state of Ohio,
and asks judgment for the price of certain goods sold and delivered
to the defendant. The action was brought in the First district mu-
nicipal court. Upon the return day of the summons the defendant
made a motion to have the case transferred to the Third municipal
court, stating in his motion that the defendant was a resident of the
latter district. No proof of that fact was given, and the motion was
denied. The refusal by the court to transfer the action, in the ab-
sence of any proof adduced as to the action having been brought in the
wrong district, was correct. Consolidation Act, § 1382; Baer v.
Kempner, 15 Daly, 110, 3 N. Y. Supp. 529; Werner v. Braunstein,
20 Misc. Rep. 341, 45 N. Y. Supp. 757. The defendant also demurred
to the complaint on the ground that it did not state facts sufficient to
constitute a cause of action. The court overruled such demurrer,
and in that decision it was also right.

An examination of the record, however, discloses more serious ques-
tions. The summons in this action was returnable on the 24th day
of January, 1899. On that day the parties appeared, and the plaintiff
then filed a verified complaint. The record then states: "Answer to

be filed January 25, 1899; and the action was then adjourned until January 31, 1899." On January 26, 1899, the court rendered a judgment by default, without taking any proof, in favor of the plaintiff and against the defendant, for the amount claimed in the complaint; the "defendant having failed to file his answer as ordered." This was error. Municipal courts (formerly district courts) have no jurisdiction not conferred by statute. Porter v. Cregan, 26 Misc. Rep. 417, 56 N. Y. Supp. 200, and cases cited. It has been held that a defendant has a right to appear and interpose an answer, upon terms, at any time before trial. Fogarty v. Kenny, 11 Wkly. Dig. 126. Action on the part of the court below was suspended by the adjournment from January 24 to January 31, 1899, and the court could render no legal judgment in the interim. The verified complaint herein not having been served "with the summons," as provided by section 1383, Consolidation Act, which section (subd. 2) is the same, in substance, as section 2891, Code Civ. Proc., and is made applicable by section 1347, Consolidation Act, to actions in municipal courts, the plaintiff cannot recover without proving his case. Howard v. Brown, 2 E. D. Smith, 247; Armstrong v. Smith, 44 Barb. 120. Judgment must therefore be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.