(46 Misc. Rep. 265)
LESSER v. ADOLPH.

(Supreme Court, Appellate Term. · January 17, 1905.)

1. APPEAL—DISPOSITION OF CAUSE—DISREGARD OF TECHNICAL ERRORS.
    Under Municipal Court Act (Laws 1902, p. 1583, c. 580) § 326, requiring the appellate court to render judgment according to the justice of the case, without regard to technical errors not affecting the merits, a judgment in an action for fraud, awarding to plaintiff a sum deposited by him with defendant, on entering into a contract for the sale of land, which was unenforceable under the statute of frauds, and which defendant had induced by false representations, should be affirmed, where there was sufficient evidence of the making of a false statement as to the dimensions of the land, regardless of errors in rulings on evidence, particularly in relation to the ownership of the property.

2. MUNICIPAL COURT—CHANGE OF VENUE—DISQUALIFICATION OF JUSTICE.
    Under Municipal Court Act (Laws 1902, p. 1494, c. 580) § 13, providing that if it shall appear to the satisfaction of the justice that he is disqualified to try the cause he shall order the same transferred to an adjoining district, it is mandatory upon a justice who is disqualified to transfer the cause to an adjoining district.

3. SAME—TRANSFER OF CAUSE—WAIVER OF OBJECTIONS.
    An action brought in the Municipal Court was transferred under Municipal Court Act (Laws 1902, p. 1494, c. 580) § 13, because of disqualification of the justice, but was not transferred, as required by said section, to a district adjoining the first. Thereupon a motion was made not to transfer the cause to a district adjoining the first, but to transfer the cause to the district in which defendant lived. This motion was denied, and no appeal was taken nor was any protest lodged at the trial. *Held*, that defendant had waived the objection that the district to which the cause was transferred did not adjoin the district in which it was brought.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Isaac Lesser against Solomon Adolph. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

Joseph Gans, for appellant.
Brinn & Greenberg, for respondent.

MacLEAN, J. The plaintiff complained for fraud and deceit, and the defendant answered with general denial and a demand for particulars. The pleadings were oral. The particulars furnished declare that on or about April 17, 1904, the defendant represented that he was the owner of certain property, and that "it was 25' 6" in width and 100' in length"; that the statement was false, to the knowledge of the defendant, and made for the purpose of inducing the plaintiff to purchase the property; and that the plaintiff, in reliance thereon, paid to the defendant the sum of $332.33, "as a deposit for the entering into a contract." At the trial it was conceded that the dimensions of the property in question "are 25 feet in width by 94.85 in depth, and 25.26 by 91.24 on the other side—an irregular lot." In view of this concession of dimensions and of sufficient evidence, though conflicting, of the making of the statement in relation thereto, the judgment entered upon the verdict

in favor of the plaintiff should not, because of some error in either the admission or exclusion of evidence, particularly in relation to ownership, be disturbed, more especially, however, in view of plaintiff's Exhibit A, which was treated as a contract between the parties, instead of a receipt containing no agreement, and so not enforceable under the statute (Filkins v. Whyland, 24 N. Y. 338, and Coe v. Tough, .116 N. Y. 273, 22 N. E. 550); and, further, if contract instead of receipt, it lacked subscription by the plaintiff, within the meaning of the statute and of the decision of James v. Patten, 6 N. Y. 9, 55 Am. Dec. 376, and so may not be enforced. Wherefore the plaintiff is entitled to the sum deposited by him with the defendant, and the justice or the case demands that the judgment should be affirmed, for the merits of the cause are with the plaintiff. Municipal Court Act (Laws 1902, p. 1583, c. 580) § 326.

It is contended, however, not that the district in which this action was brought, but that the district to which it was transferred, was not the proper district, and that therefore the justice who tried the cause was without jurisdiction. It appears that the transfer was. made because of disqualification, and under section 13 of the Municipal Court act it was mandatory upon the justice disqualified to transfer the cause to an adjoining district. True, this was not done, but no objection therefor was raised until this appeal. The only objection appearing, if objection it may be called, was the motion, before trial in the court to which the cause had been transferred, for further transfer, not to the district adjoining the district in which the cause had been brought, but to the district in which the defendant lived. This was denied, but from the order entered no appeal appears to have been taken or protest lodged at the trial, as was the case in Heller v. Herbst, 26 Misc. Rep. 780, 57 N. Y. Supp. 270. The defendant must be deemed to have waived what he now objects, for it does not appear that the district in which the action was brought was not the proper district, and the application for transfer under sudivision 4 of section 25 of the Municipal Court act was therefore without right; and the original district being proper, so was the court.

Judgment affirmed, with costs. All concur.