TAUSEND v. LEVY.

(Supreme Court, Appellate Term. June 29, 1911.)

COURTS (§ 189*)—MUNICIPAL COURTS—NECESSITY.

　　Under Municipal Court Act (Laws 1902, c. 580) § 145, requiring verification of a written answer to a verified written complaint, and under section 147, authorizing recovery by plaintiff in a suit on contract if defendant fails to appear, where no copy of a verified complaint was served with the summons, an unverified answer containing a general denial puts plaintiff to proof, though the original pleadings were oral and a verified written complaint was filed after a demurrer to the oral complaint had been sustained.

　　[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Felix Tausend against Ralph Levy. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Isaac Dobroczynski, for appellant.
Jacob Rieger, for respondent.

PER CURIAM. The summons in this case was served without any complaint. Upon the return of the summons oral pleadings were indorsed upon the record, and to the complaint the defendant interposed a demurrer, which was sustained, with leave to the plaintiff to plead over. The plaintiff thereupon filed a written verified complaint, and the defendant filed an unverified answer containing a general denial. Thereupon, against the objection of the defendant, the court gave a judgment in favor of the plaintiff upon his verified complaint.

This was error. The plaintiff should have been put to his proof. Unless a verified complaint is served with the summons, an unverified answer put the plaintiff to his proof. Sections 145 and 147, Municipal Court Act; Whitman v. Hamilton, 27 Misc. Rep. 198, 57 N. Y. Supp. 760.

The judgment was not a default judgment. The record contains the defendant's answer, and he appeared when the judgment was taken.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.