MURPHY et al. v. WILSON.

(Supreme Court, Appellate Term, First Department.   March 4, 1915.)

1. COURTS (§ 189*)—MUNICIPAL COURT—SUMMONS—WAIVER.

Where the summons was not signed by the clerk of the Municipal Court, but by another person, defendant's appearance in court by attorney on the return day, and his arrangement with plaintiff's attorney to have the cause adjourned for trial, waived any defect in the summons, and conferred jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

2. COURTS (§ 189*)—MUNICIPAL COURT—DEFAULT—POWER OF COURT.
    Where a case was adjourned from the return day until December 18th,
    upon the oral understanding between the attorneys that defendant should
    file his answer on the 14th, the cause remained in statu quo until the
    18th, and no valid judgment could be entered against defendant in the
    interim, even though no answer was filed.  ·
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429,
    458; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of the Bronx; Second District.

Action by Edward D. Murphy and another against William Wilson. From an order denying a motion to vacate a judgment, defendant appeals. Order reversed, judgment vacated, and new trial ordered.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

Goetz & Jacoby, of New York City (Arnold Jacoby, of New York City, of counsel), for appellant.

Wallace S. Fraser, of New York City, for respondents.

GUY, J. [1] Much of the appellant's brief is devoted to showing that the summons served upon him was not signed by the clerk ·of the Municipal Court, but by another person. It clearly appears, however, that he was represented in court upon the return day of the summons and that his attorney had arranged with the plaintiff's attorney to have the cause adjourned for trial from December 11th to December 18th. This voluntary appearance waived any defect in the summons served, and conferred jurisdiction upon the court below. The order appealed from provided that the judgment be vacated and set aside, and the case set for trial upon January 4th, upon condition that the defendant "filed a good and sufficient bond in the sum of the judgment herein otherwise the motion is denied."

[2] It appears from the papers used upon the motion resulting in the order appealed from that on December 11, 1914, the return day of the summons, the case was adjourned by consent until December 18, 1914; the understanding between the attorneys being that the defendant should file his answer on December 14th. Upon December 14th the plaintiff's attorney ascertained from the clerk of the court that no answer had been filed, and on December 15, 1914, entered judgment against the defendant by default. The cause having been adjourned until December 18th, the action remained in statu quo until that day, and no valid judgment could be entered against defendant in the interim, even if no answer was filed. Whitman & Barnes Mfg. Co. v. Hamilton, 27 Misc. Rep. 198, 57 N. Y. Supp. 760.

It is true that an attorney representing the plaintiff's attorney makes an affidavit used upon the motion, in which he says that the adjournment was granted upon condition that defendant file his answer on or before December 14, 1914; "otherwise, judgment to be entered on the complaint herein." No written stipulation was entered into of that character, and if an oral understanding to that effect was made it conferred no authority upon the court to enter a judgment, when

its functions had been suspended by an adjournment regularly granted until December 18th. Defendant's default should therefore have been opened without terms.

Order reversed, judgment vacated, and new trial ordered, with costs to the appellant to abide the event. All concur.