FARMERS BANK, Hamburg, Arkansas *v.*
FUQUA HOMES, INC.

75-202                                        531 S.W. 2d 23

Opinion delivered December 22, 1975
[Rehearing denied Jan. 26, 1976.]

*W. E. Johnson*, for appellant.

*Arnold, Hamilton & Streetman*, for appellee.

ELSIJANE T. ROY, Justice. This appeal follows the trial court's dismissal of appellant's complaint for lack of proper venue in Ashley County. The case was presented to the court on the pleadings and a stipulation entered into by the parties. Appellee, Fuqua Homes, a corporation not qualified to do business in Arkansas, sold a number of mobile homes to a John Anthony, d/b/a A & B Mobile Homes in Ashley, Drew and Union counties. The transaction at issue involved a mobile home on which Anthony obtained financing from appellant Farmers Bank. At that time he gave the bank a statement or certificate of origin which was issued by appellee Fuqua on the mobile home and on which the bank relied as security for the loan. Anthony then disappeared, owing Farmers $7,690.21 on the mobile home.

Pleading alternative theories of tort and contract in both the original and amended complaints against appellee, appellant Farmers invoked the provisions of Ark. Stat. Ann. § 27-619 (Supp. 1973) to establish venue in Ashley County. The statute provides:

> Contract actions against a non-resident of this State or a foreign corporation may be brought in the County in which the plaintiff resided at the time the cause of action arose.

More particularly the appellant alleged that appellee was negligent in handling the statement of origin (on which it relied in making the loan) resulting in breach of implied warranties in connection with the title to the mobile home; that appellee had breached an implied and constructive contract which existed by reason of the circumstances of this case and the prior course of dealings between the parties.

Appellee in turn filed three separate "Special Appearance and Motion to Quash" pleadings alleging that Ashley County Circuit Court had neither jurisdiction nor venue under Ark. Stat. Ann. § 27-619 (Supp. 1973) and furthermore that any statute under which venue might be upheld in Ashley County was unconstitutional.

It was stipulated *inter alia* by the parties:

That appellee is a foreign corporation not qualified to do business in Arkansas and has no property, nor employee, nor office in the State;

That appellee manufactured and sold mobile homes in Arkansas and sold to John Anthony, d/b/a A & B Mobile Homes, at his places of business in Ashley and other counties during 1973 and 1974 at least 75 units;

That the mobile home in question was sold to John Anthony, d/b/a A & B Mobile Homes, and delivered at his place of business at El Dorado, Arkansas;

That Farmers Bank is an Arkansas corporation with its only places of business in Ashley County, Arkansas, and its resident agent for service and officers reside in Ashley County;

That appellee's activities included salesmen and representatives calling on dealers, taking orders and entering contracts for the sale of units to dealers, visits to dealers to assist in setting up and marketing units, delivery of units to dealers in Arkansas, delivery of certificates of origin and acceptance of payment for units in Arkansas and advertising in Arkansas through a program whereby they would pay a portion of the dealer's cost of advertisements for their products.

Appellee contends that all the allegations of the complaint are conclusory and no facts are plead which indicate a contract action. It is true the transcript reveals more detailed facts concerning the negligent handling of the certificate or

origin and the warranty issued with it than appellant abstracted for the court. For that reason we are not considering them in reaching our conclusion, although more details would have been helpful. However, since the question is presented to us on motion to quash service we find sufficient facts abstracted in the briefs to withstand appellee's motion to quash.

In *Mack Trucks* v. *Jet Asphalt, et al,* 246 Ark. 101, 437 S.W. 2d 459 (1969), we said:

> Unless the pleadings on their face show that an action was commenced in the wrong county, a defendant objecting to the venue has the burden of proving the essential facts. 92. C.J.S. 772, §74; *Tribune Company* v. *Approved Personnel, Inc.,* 115 S. 2d 170 (Fla. 1959); *Cohen* v. *Commodity Credit Corp.,* 172 F. Supp. 803 (W.D. Ark. 1959); *Werner* v. *Braunstein,* 20 Misc. Rep. 341, 45 N.Y.S. 757.

We find that the stipulated facts in conjunction with the pleadings reflect that the cause of the action sounds in contract as well as tort. The complaint alleged breach of express and implied warranties. The following is a quote from 77 C.J.S. (Sales) § 302, p. 1117:

> A warranty is contractual in nature, . . . . *** Warranties may be either express or implied, but in either event the relations between the parties arise out of contract and are not based on what is known as tort or on duties imposed by law on any theory unrelated to contract.

See also *Downtowner Corp.* v. *Commonwealth Securities Corp.,* 243 Ark. 122, 419 S.W. 2d 126 (1967).

Since we determine a contract action is involved, appellee, admittedly a foreign corporation, clearly falls within the provisions of Ark. Stat. Ann. § 27-619 (Supp. 1973), and venue would lie in Ashley County, unless the statute is unconstitutional.

In support of its position that the statute is unconstitutional, appellee places great reliance upon the case of

*Power Manufacturing Company* v. *Saunders,* 274 U.S. 490, 47 S. Ct. 678, 71 L. Ed. 1165 (1927). However, *Saunders* is distinguishable from the case at bar because it involved *a foreign corporation qualified to do business in Arkansas.*

In *Kelso* v. *Bush,* 191 Ark. 1044, 89 S.W. 2d 594 (1935), we said:

> The difference between petitioner's status and that of appellant in *Power Manufacturing Company* v. *Saunders, supra,* is that petitioner has no place of business or domicile in this State at which to fix local venue or by which to compare her status with that of a domestic corporation or a natural person, and we believe that this difference is substantial and controlling.

> \* \* \*

> The Fourteenth Amendment to the United States Constitution, as construed by the Supreme Court of the United States, does not prevent or restrict a State from adjusting its legislation to differences in situations, neither does it forbid classification to that end, but only requires that such classification be not arbitrary. (Citations omitted) The necessary requirement is that the classification be pertinent to the subject of classification. As we have heretofore pointed out. *petitioner does not occupy the status of a foreign corporation doing business in this State with a local domicile or place of business,* and she does not occupy the status of a domestic corporation or natural person domiciled in this State. therefore she is subject to a separate classification as to venue in the courts of this State, and such classification does not offend against the Fourteenth Amendment or deny her equal protection of the law, as it is not arbitrary or without substance. (Emphasis supplied)

Appellee is a foreign corporation not qualified to do business in Arkansas so it is subject to "a separate classification as to venue."

Nor can appellee be heard to complain because the

statute makes no distinction between foreign corporations which are qualified to do business in Arkansas and those which are not since it has no standing to raise this issue. In *Carter v. State*, 255 Ark. 225, 500 S.W. 2d 368 (1973), certiorari denied 416 U.S. 905, 94 S. Ct. 1610, 40 L. Ed. 2d 110, we stated:

> It is a long-standing rule of this court, and generally of other courts, that in order for one to have standing to challenge the constitutionality of a legislative act, *the act must be unconstitutional as applied to him.* (Emphasis supplied)

See also the case of *May v. State*, 254 Ark. 194, 492 S.W. 2d 888 (1973), certiorari denied 414 U.S. 1024, 94 S. Ct. 448, 38 L. Ed. 2d 315, in which this court held that although the statute might be void as to one party, the party as to whom it was not void had no right to challenge the constitutionality of the legislative enactment.

Accordingly, we find the trial court erred in dismissing the complaint for lack of proper venue.