JONES *v.* JONES.

4-6889 163 S. W. 2d 528

Opinion delivered July 6, 1942.

*Osro Cobb,* for appellant.

HUMPHREYS, J.   On February 19, 1940, this court on appeal of the case of *Jones* v. *Jones,* 199 Ark. 1000, 139 S. W. 2d 238, awarded a divorce to John R. Jones, Jr., against his wife, Jewell Jones, under the provisions of paragraph 7 of § 4381 of Pope's Digest (three-year separation statute) and rendered a continuing decree of $150 per month against him in favor of his wife.

Subsequently John R. Jones filed a petition or a motion in said cause in the chancery court of Pulaski county to reduce the monthly allowance of $150 alimony and the trial court reduced the monthly allowance to $100 per month, from which decree Jewell Jones duly prosecuted an appeal to this court and, upon a trial *de novo,* this court reversed the decree reducing the amount to $100 and rendered a continuing decree for $150 per month alimony.   This opinion was handed down by this court on December 16, 1940, under the style of *Jones* v. *Jones,* 201 Ark. 546, 145 S. W. 2d 748.   Upon remand a decree was rendered in accordance with the mandate of this court.

On May 25, 1941, John R. Jones applied to the chancery court of Pulaski county in said cause for permission to pay the $150 per month alimony to Jewell Jones into the registry of the chancery court of Pulaski county and an order was made granting John R. Jones the relief prayed for.

Thereafter, John R. Jones removed to Florida and continued to pay a certain part of the alimony from time to time into the registry of the chancery court of Pulaski county, but fell behind in his payments until he owed a balance thereon of date June 11, 1942, of $1,175, whereupon this motion or petition was filed by appellant in said cause for $1,175 less $275 for which she had obtained a decree on August 21, 1941.   In other words, she prayed that a decree be entered in her favor for the sum of $900.   The chancery court heard the motion and made the finding that John R. Jones was in arrearage in alimony payments in the sum of $1,175 and found that all of the arrearage had accumulated while John R. Jones was a resident of the state of Florida and that no additional personal service had been had upon him in this

cause in the accumulation of such arrearage and for that reason refused to give a decree to appellant for the arrearage, from which decree Jewell Jones has appealed to this court.

John R. Jones instituted this suit for divorce and Jewell Jones, his wife, filed a cross-complaint for permanent alimony. John R. Jones, in the course of the litigation, finally obtained a divorce under the provisions of paragraph 7 of § 4381 of Pope's Digest on the ground that he and his wife had lived separate and apart for a period of three years and under the same statute Jewell Jones was awarded permanent alimony in the sum of $150 per month which was a continuing general decree against him unless there should be some subsequent modification of the order for alimony on account of a change in the condition of the parties. So far as the alimony was concerned the decree for same was not a final determination of the rights of the parties and has always been open to review should there be a change in the circumstances of the parties under the rule in the case of *Holmes* v. *Holmes,* 186 Ark. 251, 53 S. W. 2d 226, nor is a decree for future payments of permanent alimony a final decree upon which an execution might be issued or which might become a lien upon real estate. In order to collect on such a continuing general decree, it would be necessary to ascertain from time to time the amount of arrearages due in the payment of alimony and render a decree for the specific amount due. For these purposes the parties to the suit continue to be parties and, being parties already, it would not be necessary to get personal service upon them to carry out and enforce a continuing decree when an attempt is made to reduce the decree to a definite and certain amount, dependent upon whether there should be delinquencies in the payment of the monthly alimony allowed.

We think, therefore, the trial court was clearly in error in refusing to render a decree certain for the arrearage in payment of alimony on the ground that no additional personal service had been obtained against John R. Jones.

On account of the error indicated the decree refusing to enter a decree in favor of appellant for arrearages against appellee is reversed and a decree is ordered entered here for arrearage in the sum of $900 which is the accumulated arrearage subsequent to August 21, 1941, and to June 11, 1942.