## UNION NATIONAL BANK OF LITTLE ROCK
### *v.* Leona M. THORNTON, Lynn D. NOLEN, and Edward L. MUNSON

87-159                                    738 S.W.2d 103

Supreme Court of Arkansas
Opinion delivered October 26, 1987

*Wilson & Associates, P.A.,* by: *Olan W. Reeves* and *William T. Finnegan,* for appellant.

*Hatfield, Robinson, Hodges, Staley, Marshall, Jordan & Shively,* by: *Robert L. Robinson, Jr.,* for appellees Thornton and Nolen.

*Edward L. Munson,* pro se.

STEELE HAYS, Justice. Union National Bank of Little Rock has appealed from the dismissal of its complaint by the Pulaski Circuit Court based on improper venue and lack of jurisdiction over the defendants.

Leona Thornton, appellee, had originally brought suit in Oklahoma seeking compensatory and punitive damages from Union National Bank for allegedly pursuing a course of harassment toward her. Appellees Nolen and Munson are attorneys who represented Ms. Thornton in that litigation, filed initially in state court in Muskogee County, Oklahoma, and later removed to

the United States District Court for the Eastern District of Oklahoma. That litigation ended in a verdict for the bank after deliberation by the jury lasting only six minutes.

Thereafter, the bank filed this suit in Pulaski County naming Ms. Thornton and her attorneys as defendants and alleging malicious prosecution and abuse of process. The defendants moved to dismiss the action based on improper venue, the absence of in personam jurisdiction and failure to state facts upon which relief could be granted. See ARCP Rule 12(b)(2), (3), and (6). The trial court granted the motion based on improper venue and lack of jurisdiction and the bank has appealed. We affirm.

We need not discuss the issue of venue as it is quite clear that no basis existed by which Arkansas could assert jurisdiction in personam over any of the three defendants. All were Oklahoma residents and had no contacts with this state that would give rise to personal jurisdiction. Two of the appellees, so far as this litigation is concerned, had never set foot in Arkansas, although appellee Munson did depose one of the bank's employees in Little Rock during the course of the Oklahoma litigation. But we do not regard that as a material development within the context of this case.

The relations between Ms. Thornton and the bank began when Ms. Thornton, an Oklahoma resident, assumed the balance of a note originally made in Oklahoma by Oklahoma residents payable to Modern American Mortgage Corporation. The note was secured by a mortgage on Oklahoma real property. The note and security were later acquired by the bank. Ms. Thornton mailed her monthly payments to the bank at Little Rock and it maintained an escrow account to cover taxes and insurance.

The bank maintains that Ark. Stat. Ann. § 27-2502(C)(1)(e) renders the defendants amenable to suit in Arkansas by causing tortious injury in this state by an act done outside this state while Ms. Thornton was transacting business in this state, namely, sending her monthly payment to the bank over the past several years and by maintaining an escrow account at the bank in Little Rock. We disagree.

The language of the cited section from the Uniform Interstate and International Procedure Act [Ark. Stat. Ann. § 27-

2501—§ 27-2507 (Repl. 1979)] contemplates a more significant connection by a nonresident than merely mailing monthly payments to a location in Arkansas. The act speaks in terms of "if he *regularly does or solicits business* in this State" or "engages in any other *persistent course of conduct* in this State," or "*derives substantial revenue* from goods consumed or services used in this State." (Our italics).

The bank has cited us to nothing that would support the premise that such minimal contacts as Ms. Thornton had with Arkansas as mailing her payments here rendered her subject to personal jurisdiction in tort and we can conceive of no authority for such a holding. *Mountaire Feeds, Inc.* v. *Agro Impex*, 677 F.2d 651 (8th Cir. 1982); *Hutson* v. *Fehr Bros. Inc.*, 584 F.2d 833 (8th Cir. 1979). Nor do we regard the taking of a single deposition in connection with pending out-of-state litigation as sufficient to expose an attorney to personal jurisdiction on these facts. *Arkansas Poultry Co-op. Inc.* v. *Red Barn Sys., Inc.*, 468 F.2d 538 (8th Cir. 1972).

The law requires that the exercise of in personam jurisdiction over nonresidents as asserted here must be consistent with the due process clause of the Fourteenth Amendment to the United States Constitution. That entails activities more extensive than any shown to have occurred in this case. *Hanson* v. *Denckla*, 357 U.S. 235 (1958); *International Shoe Company* v. *Washington*, 326 U.S. 310 (1945). That requirement necessitates that we affirm the trial court's order of dismissal in this case.

Affirmed.