Delbert Neil HELM, d/b/a Bill's Green Light Auto Parts
*v.* MID-AMERICA INDUSTRIES, INC.

89-226                                          785 S.W.2d 209

Supreme Court of Arkansas
Opinion delivered March 12, 1990
[Rehearing denied April 16, 1990.]

*Rex Earl Starr*; and *Robinson, Staley & Marshall*, by: *Robert L. Robinson, Jr.*, for appellant.

*Thompson and Llewellyn, P.A.*, by: *William P. Thompson* and *James M. Llewellyn, Jr.*, for appellee.

DAVID NEWBERN, Justice. Delbert Neil Helm appeals from a judgment against him for $1,059,927.15 in favor of the appellee, Mid-America Industries, Inc. The judgment, which was based on a jury verdict, resulted from business dealings between the parties. Helm contends the Sebastian County Circuit Court lacked jurisdiction of him and was not the proper venue for the action. He also argues the court erred in proceeding with the action against him because it was already pending in a federal court in Oklahoma. Finally, he contends it was error to deny his motion for a continuance which he sought on the basis of illness of his counsel. Helm's abstract is flagrantly deficient with respect to most of these points, but Mid-America has filed a supplementary abstract which will allow us to decide them, and we find they contain no merit. We, therefore, affirm the judgment.

Mid-America, a Delaware corporation, is a "Green Light" automobile parts wholesaler which has its principal place of business in Ft. Smith, Sebastian County, Arkansas. Helm is a resident of Oklahoma who operated parts stores in Oklahoma and Arkansas. Ed York, a Mid-America officer, testified about the circumstances which led to the business relationship between the corporation and Helm. Helm came to Ft. Smith and the Mid-America office in February, 1986, and announced to a Mid-America employee who received him there his intention to become a Green Light parts dealer. York was unavailable to speak to Helm just then, but he called Helm, and a week later, Helm returned to Ft. Smith with his brother and another person who was his comptroller. They were given a presentation by Mid-America on the Green Light store process. Several weeks later, Mid-America officials toured several of Helm's stores in Oklahoma and Arkansas.

York testified that Helm's stock consisted of "distressed" merchandise defined as merchandise sold at a loss, as in a fire sale.

York told Helm he would expect Helm to dispose of the distressed type merchandise and not purchase any more of it for sale if he became a Green Light dealer. Helm said he would comply with that request. The alleged breach of this promise is a major element of the dispute which arose. Mid-America and Helm entered written agreements with respect to Helm's stores at Talequah and Bartlesville, Oklahoma, and Siloam Springs, Arkansas.

From a document entitled "Third Agreed Pre-Trial Order" which was submitted to the United States District Court for the Eastern District of Oklahoma, and which Helm has given us as an appendix to his abstract, we learn additional facts. Helm filed the federal court action for breach of contract and commercial defamation, and Mid-America counter-claimed for money owed to it by Helm. The summaries of the pleadings in that action reveal that the relationship had grown to other stores. Helm experienced a cash flow problem and was unable to pay his account with Mid-America, and he contended that Mid-America had not properly credited him for merchandise it had agreed he could return and which it failed to pick up. Mid-America's counter-claim was for the balance owed on Helm's account.

The action in Sebastian County Circuit Court was filed by Mid-America subsequent to the initiation of the federal action by Helm. The federal court declined to enjoin the state proceeding, and the circuit court denied Helm's motion to dismiss in favor of the federal action as well as his motion to dismiss for lack of personal jurisdiction and improper venue.

## 1. Jurisdiction in personam

Although it is argued that all of Helm's Arkansas automobile parts stores were closed at the time this action was commenced, and Mid-America's argument mentions that fact on another point, there is nothing abstracted to demonstrate it. Nor do we have any information as to the place where Helm was served with process, although Helm states in argument that he was served in Oklahoma. As far as we know, from the abstract of the record, Helm was still doing business with Mid-America in Arkansas when the action was filed. Even if that were not the case, however, we would have no trouble affirming the trial court's determination that Helm was subject to its jurisdiction.

■ Arkansas Code Ann. § 16-4-101 c. 1. (a) (1987) provides that an Arkansas court may exercise jurisdiction of a person "who acts directly or by an agent" as to a claim "arising from the person's . . . [t]ransacting any business in this state." The evidence surrounding Helm's initiation of his relationship with Mid-America is probably sufficient to satisfy the requirement of the statute. If not, however, the fact that Helm operated a store at Siloam Springs, at least from 1986 to 1988, which was responsible for some of the debt for which he was sued clearly satisfied it.

In *Wisconsin Brick and Block Corp.* v. *Cole*, 274 Ark. 121, 622 S.W.2d 192 (1981), we denied a writ of prohibition which had been sought to prevent an Arkansas court from assuming jurisdiction of a Wisconsin company. We held that the question of whether the company was "transacting business" in Arkansas was one of fact, and if the trial court erred in deciding that question we could correct it on appeal but not in response to a writ of prohibition. In the course of deciding that case, we noted that our long-arm statute, cited above, was meant to "permit courts to exercise the maximum personal jurisdiction allowable by due process, and the statute should be liberally construed."

■ The only facts before us here show clearly that Mid-America's claim arose directly, at least in part, from business transacted by Helm in Arkansas. In addition, his contacts with this state surpassed the minimum required by the Supreme Court interpretation of the United States Constitution in *International Shoe* v. *Washington*, 326 U.S. 310 (1945), and Helm could have foreseen he could be haled into a court in this state to answer claims arising from his activities here. *See World-Wide Volkswagen Corp* v. *Woodsen*, 444 U.S. 286 (1980).

The only case cited by Helm we need distinguish is *Union National Bank* v. *Thornton*, 293 Ark. 385, 738 S.W.2d 103 (1987), in which we held that the sending of monthly payments to an Arkansas bank was not a sufficient contact to satisfy the requirements of Ark. Code Ann. § 16-4-101 c. 1. (d) (1987) having to do with jurisdiction of nonresidents alleged to have committed torts in Arkansas. Obviously Helm's acts in Arkansas were considerably in excess of sending his monthly payments to Mid-America.

## 2. Venue

Helm contends Mid-America's action was one on an open account and thus the governing venue provision is Ark. Code Ann. § 16-60-111(a) (1987) which requires that it be brought in the county of the defendant's residence at the time the claim arose. Mid-America contends it was an action on a contract and thus is properly brought against a nonresident in the county of the plaintiff's residence, Ark. Code Ann. § 16-60-109(a) (1987); *Farmers Bank* v. *Fuqua Homes, Inc.*, 259 Ark. 38, 531 S.W.2d 23 (1975), which was Sebastian County.

While neither party has given us an abstract of the complaint in such a way as to show the nature of the action brought, Mid-America has abstracted its motion to amend the pleadings to conform to the proof along with the court's order granting the motion. The proof abstracted which could be said to relate to this point consists of testimony showing that the dispute, at least in part, had to do with written and oral agreements between the parties with respect to at least three of Helm's stores. In its argument, Mid-America has supplied quotations of the instructions showing that the case was submitted to the jury as a contract action.

While we have had some doubt about the matter, Helm, as the appellant objecting to venue, had the burden of demonstrating that venue was improper. *Mack Trucks of Ark., Inc.* v. *Jet Asphalt and Rock Co.*, 246 Ark. 101, 437 S.W.2d 459 (1969). He has not shown that the action amounted to no more than one on an open account.

Helm has also made an argument that § 16-60-109(a) is unconstitutional. We do not reach the issue because there is nothing to show that the argument was raised in the trial court. *Wilson* v. *Wilson*, 270 Ark. 485, 606 S.W.2d 56 (1980).

## 3. Prior pending action

Helm contends Mid-America's claim should have been dismissed because of the prior pending action in the federal court. There is no such requirement. *Carter* v. *Owens-Illinois, Inc.*, 261 Ark. 728, 551 S.W.2d 209 (1977). Nor was there any requirement that the court exercise the *forum non conveniens* discretion given it by Ark. Code Ann. § 16-4-101(E) (1987). *See Country*

*Pride Foods Ltd.* v. *Medina*, 279 Ark. 75, 648 S.W.2d 485 (1983); *Harvey* v. *Eastman Kodak Co.*, 271 Ark. 783, 610 S.W.2d 582 (1981); *Grovey* v. *Washington*, 196 Ark. 697, 119 S.W.2d 503 (1938). We find no error in the court's refusal to dismiss.

### 4. Illness of counsel

Helm moved for a continuance of the trial, attaching an affidavit from a physician stating that Helm's lead counsel was too ill to participate in a trial lasting more than one day. The motion was denied. Mid-America points out that the trial had been twice continued at the request of Helm.

In one of the cases cited by Helm on this point, we noted that whether to grant a continuance on the ground which was asserted in this case is within the sound discretion of the trial court. *Missouri & North Arkansas Ry. Co.* v. *Robinson*, 188 Ark. 334, 65 S.W.2d 546 (1933). Also cited is *Haislip* v. *Taylor*, 209 Ark. 510, 190 S.W.2d 982 (1945), where we found an abuse of discretion where a party was made to go to trial only two days after a complaint was filed and given only three hours to search for witnesses. We cannot say Helm suffered any comparable hardship. While one of the two Oklahoma lawyers representing him in this case was suspended from practice and the other was ill, there has been no showing that the Arkansas attorney with whom they were associated could not have taken up the slack. We decline to hold the court abused its discretion.

Affirmed.

PRICE, J., not participating.