Eric Scott PIKE *v.* BENTON CIRCUIT COURT,
The Hon. Tommy J. Keith, Judge

CR 99-982                                      10 S.W.3d 447

Supreme Court of Arkansas
Opinion delivered February 10, 2000

*Doug Norwood*, for appellant.

*Mark Pryor*, Att'y Gen., by: *James R. Gowen, Jr.*, Ass't Att'y Gen., for appellee.

W. "DUB" ARNOLD, Chief Justice. Petitioner Eric Scott Pike petitions this court to issue a writ of prohibition to the circuit court on the grounds that that court lacks personal jurisdiction over him due to the fact that his probationary period has ended. We hold that a writ of prohibition is not an appropriate remedy in this case and deny the petition.

On November 10, 1993, petitioner pleaded guilty to four counts of forgery, a Class C felony. The trial court initially deferred acceptance of the petitioner's guilty plea and gave him three years of supervised probation, pursuant to Act 346 of 1975, codified as Ark. Code Ann. § 16-93-303 (Supp. 1997). On January 17, 1995, the State filed a petition to revoke petitioner's probation. At the probation revocation hearing, petitioner admitted that he had violated the terms of his probation; however, the trial court extended his probationary period for two more years, without accepting his initial guilty plea or revoking his Act 346 status.

On October 8, 1996, the State again filed a petition to revoke petitioner's probation. At the second probation revocation hearing, on September 4, 1997, the petitioner again admitted to committing the violations contained in the State's petition. Based on that admission, the court then accepted petitioner's initial guilty plea on the forgery charges, revoked his Act 346 status, sentenced him to 120 days in the Arkansas Department of Community Punishment Regional Facility, with drug treatment and Therapeutic Community directed, and extended his probation for twenty-four additional months. Further, the court ordered petitioner to pay the balance of his fines, costs, and restitution at the rate of $50 per month plus a $5 monthly processing fee, beginning sixty days after his release. The court's order filed on September 26, 1997, reflects the same judgment and disposition.

Subsequently, the State filed a third petition to revoke petitioner's probation on June 5, 1998, amending said petition on March 17, 1999. In response, petitioner filed a motion to dismiss

the State's petition, alleging that the trial court had lost jurisdiction over him, pursuant to *McGhee v. State*, 334 Ark. 543, 975 S.W.2d 834 (1998), when it had accepted his initial plea of guilty to the forgery charges at the preceding probation revocation hearing on September 4, 1997. Petitioner's motion was denied.

In an April 19, 1999, probation revocation hearing, petitioner renewed his motion to dismiss, which was again denied. He then admitted that he had violated the terms of his probation. The trial court denied the State's petition to revoke, but found that petitioner had violated the conditions of his probation and sentenced him to 150 days in the Benton County Jail for contempt of court. The court entered judgment to that effect on May 26, 1999. The trial court subsequently stayed entry of the judgment pending the outcome of this action seeking a writ of prohibition against the circuit court.

Petitioner contends in this petition for writ of prohibition that by the time of the third revocation hearing, the trial court had lost jurisdiction over him and that he should no longer be on probation. For his petition for writ of prohibition, the petitioner asserts two points:

1) The trial court erred in finding the petitioner in contempt of court after his probation period had expired;

2) The trial court erred in ordering the defendant to jail in excess of the statutory maximum sentence.

### Propriety of Prohibition

■ It is essential, initially, for this court to examine whether prohibition is the appropriate remedy. We first observe that Eric Scott Pike has named the individual judge as respondent to his petition. That is incorrect. Prohibition lies to the circuit court and not to the individual judge. *See Green v. Mills*, 339 Ark. 200, 4 S.W.2d 493 (1999); *Travelers Insur. Co. v. Smith*, 329 Ark. 336, 947 S.W.2d 382 (1997); *Ford v. Wilson*, 327 Ark. 243, 939 S.W.2d 258 (1997); *Lee v. McNeil*, 308 Ark. 114, 823 S.W.2d 837 (1992). Accordingly, we will treat the petition as one against the circuit court. *See Ford v. Wilson, supra.*

■ We recently set out the requirements for a writ of prohibition:

A writ of prohibition is extraordinary relief which is appropriate only when the trial court is wholly without jurisdiction. *Henderson Specialties, Inc. v. Boone County Circuit Court*, 334 Ark. 111, 971 S.W.2d 234 (1998); *Nucor Holding Co. v. Rinkines*, 326 Ark. 217, 931 S.W.2d 426 (1996). The writ is appropriate only when there is no other remedy, such as an appeal, available. *Henderson Specialties, Inc. v. Boone County Circuit Court, supra; West Memphis Sch. Dist. No. 4 v. Circuit Court*, 316 Ark. 290, 871 S.W.2d 368 (1994)(quoting *National Sec. Fire & Cas. Co. v. Poskey*, 309 Ark. 206, 828 S.W.2d 836 (1992)). When deciding whether prohibition will lie, we confine our review to the pleadings in the case. *The Wise Company, Inc. v. Clay Circuit*, 315 Ark. 333, 869 S.W.2d 6 (1993).

*State v. Circuit Court of Lincoln County*, 336 Ark. 122, 125, 984 S.W.2d 412, 414 (1999). We have further held that we do not issue a writ of prohibition for something that has already been done. *Holmes v. Lessenberry*, 297 Ark. 23, 759 S.W.2d 37 (1988) (per curiam).

Given the order of events in the instant case, we must hold that because the court denied petitioner's motion to dismiss and further entered judgment at 'the third revocation hearing *before* staying the proceedings pending the filing of this petition for writ of prohibition, a petition for writ of prohibition would not be the proper remedy. Instead, an appeal of the trial court's final order would have been the correct remedy at law. As stated above, the writ is appropriate only when there is no other remedy, such as an appeal, available. *State v. Circuit Court of Lincoln County, supra; Henderson Specialties, Inc. v. Boone County Circuit Court, supra; West Memphis Sch. Dist. No. 4 v. Circuit Court, supra.*

Once the trial court acted by entering the judgment at the third revocation hearing, the remedy became an appeal, not a petition for writ of prohibition. As such, we must deny petitioner's petition for writ of prohibition.

Denied without prejudice to raise on appeal.