Patricia FINNEY *v.* The Honorable Vicki S. COOK,
Circuit Judge, 18th Judicial District (East),
Garland County, Arkansas

02-475 94 S.W.3d 333

Supreme Court of Arkansas
Opinion delivered December 19, 2002

*Daniel D. Becker* and *Patrick Parsons*, for petitioner.

*Mark Pryor*, Att'y Gen., by: *Melanie A. Winslow*, Ass't Att'y Gen., for respondent.

ANNABELLE CLINTON IMBER, Justice. This case raises the question of whether service on a court-appointed attorney for an absent military person is sufficient service of process in a case of continuing jurisdiction on the issues of custody

and guardianship. Based on the arguments briefed by the petitioner, we deny the petition for a writ.

Tamra and Jeffrey Finney, grandparents of Je'son and Tristin, filed a family-in-need-of-services petition in the Garland County Chancery Court, juvenile division, on September 3, 1999, contending that petitioner Patricia Finney, the children's mother, and Jason Finney, the father, were not providing a stable home environment. The juvenile court entered a disposition order on September 21, 1999, finding the parents to be in need of services and ordering that (1) the Department of Human Services conduct a home assessment; (2) the parents complete parenting classes and attend counseling; (3) temporary custody of the children be awarded to the paternal grandparents, Tamra and Jeffrey Finney; (4) an attorney ad litem be appointed for the minors; and (5) a review hearing be scheduled. At the review hearing in November 1999, the chancellor ordered DHS to provide support services, with custody to remain with the grandparents and the parents to pay child support and complete counseling and parenting classes. Prior to another review hearing scheduled in January 2000, the grandparents filed a petition for guardianship of the children, and temporary guardianship was granted on January 6, 2000. The court also appointed an attorney to represent Patricia. On April 11, 2000, the temporary guardianship was terminated, and the children were returned to the sole custody of their mother, Patricia. However, the trial court declared in the April 11, 2000 order that all previous orders not in conflict with the custody order remained in full force and effect.

Patricia joined the Army and was stationed in Hawaii. The grandparents filed another petition for guardianship and emergency relief on September 29, 2000, and temporary guardianship was granted immediately. The juvenile court conducted hearings in October and December 2000, at which Patricia was represented by her court-appointed attorney, but she did not attend in person. The court heard testimony from the grandparents and received affidavits and other evidence from Patricia's commanding officers and the military daycare facility. In its January 10, 2001 order, the juvenile court denied Patricia's motions to dismiss for lack of subject-matter and personal jurisdiction and found that it had contin-

uing jurisdiction based on its April 2000 order and personal jurisdiction based on Patricia's permanent residence and/or domicile. The court found that it was not in the best interest of the children to remain in the custody of Patricia, granted guardianship of the children to the grandparents, and ordered Patricia not to pay child support, but to use the funds for visitation travel expenses.

On October 26, 2001, the grandparents filed a petition for contempt alleging that Patricia had removed the children from Hawaii and taken them to Pennsylvania in September, 2001. According to the petition, she was eventually arrested and extradited to Arkansas on a charge of interference with custody. The circuit court ordered Patricia to appear and show cause why she should not be held in contempt.[1] Patricia petitioned this court for a writ of prohibition, and the circuit court stayed the proceeding pending this court's ruling on her petition. We have jurisdiction pursuant to Ark. Sup. Ct. R. 1-2(a)(3) (2002). Even though the petition is incorrectly filed against the judge rather than the circuit court, we will treat the petition as one against the circuit court. *Pike v. Benton Circuit Court*, 340 Ark. 311, 10 S.W.3d 447 (2000).

Patricia's sole argument is that the trial court was without jurisdiction to enter the guardianship order due to a lack of personal jurisdiction because neither she nor her children lived in Arkansas, and she was never properly served with notice. She further argues that because both the arrest warrant for interference with custody and the subsequent order to show cause were based on the guardianship order, the proper remedy is a writ of prohibition.

A writ of prohibition is extraordinary relief that is appropriate only when the trial court is wholly without jurisdiction. *St. Paul Mercury Ins. v. Circuit Court, Craighead*, 348 Ark. 197, 73 S.W.3d 584 (2002). The writ is appropriate only when there is no other remedy, such as an appeal, available. *Id.* Prohibition is a proper remedy when the jurisdiction of the trial court

---

[1] By virtue of Amendment 80 to the Arkansas Constitution, which became effective on July 1, 2001, our state courts are no longer chancery and circuit courts. These courts have merged and now carry the designation of "circuit court."

depends upon a legal rather than a factual question. *Id.* We confine our review to the pleadings in the case. *Id.*

■ Patricia first contends that the trial court did not have personal jurisdiction over her at the time it granted guardianship to the grandparents because she and the children lived in Hawaii. The resolution of this issue would require us to consider whether Arkansas remained the "home state" as defined by the Uniform Child Custody Jurisdiction and Enforcement Act, codified at Ark. Code Ann. §§ 9-19-101 *et seq.* (Repl. 2002) and the federal Parental Kidnapping Prevention Act, codified at 28 U.S.C. § 1738A (West 2002). Because such an analysis necessarily turns upon some fact to be determined by the trial court, prohibition is not the proper remedy. *Fausett v. Host,* 315 Ark. 527, 868 S.W.2d 472 (1994). The related issue of the trial court's continuing jurisdiction under Ark. Code Ann. § 9-19-202 (Repl. 2002) also involves a similar factual determination.

■ A writ is the appropriate vehicle to challenge a show-cause order where the petitioner alleges that the contempt proceedings are based on a void order. In *Beaumont v. Adkisson,* 267 Ark. 511, 593 S.W.2d 11 (1980), we granted a petition for a writ of prohibition where the petitioner alleged that the inferior court was wholly without jurisdiction to hold him in contempt for an order that was void because the court's ruling was based on an unconstitutional statute. *Id.* The county judge for Pulaski County was ordered by a circuit court to pay certain county employees' salaries. *Id.* Instead of appealing the circuit court's ruling, the county judge asked the quorum court on two separate occasions to appropriate funds to pay the salaries. *Id.* After the quorum court rejected his requests, the circuit court ordered the county judge to appear and show cause why he should not be held in contempt. *Id.* We held as follows:

> Since the Act is void, it follows that the respondent court had no jurisdiction to issue its order. In the case of *Mears v. Adkisson,* 262 Ark. 636, 560 S.W.2d 222 (1978), we held that where a court order was based on an invalid act, the court had no jurisdiction to act and, therefore, its order was void and subject to a writ of prohibition.

*Id.* at 514, 593 S.W.2d at 13; *Duncan v. Kirby*, 228 Ark. 917, 311 S.W.2d 157 (1958). Therefore, where the petitioner alleges that the underlying order is void, a writ of prohibition is the appropriate vehicle to challenge a subsequent order for the petitioner to show cause why he or she should not be held in contempt.

The instant case, however, differs from the *Beaumont* case. Here, Patricia alleges that the underlying order is void for lack of personal jurisdiction, as opposed to alleging that the order is based on an unconstitutional statute.

 Generally, matters of personal jurisdiction are not proper subjects for a petition for writ of prohibition. *Helm v. Mid-America Industries, Inc.*, 301 Ark. 521, 785 S.W.2d 209 (1990). This is so because personal jurisdiction generally turns on a fact-intensive question, such as, did the defendant have sufficient contacts with the forum state, or did the defendant purposely avail himself of the protections of the forum state. *Id.* However, where personal jurisdiction turns on the legal sufficiency of notice, it is no longer a factual question, but is a question of whether service complied with the law. *Green v. Mills*, 339 Ark. 200, 4 S.W.3d 493 (1999); *Fausett & Co., Inc. v. Bogard*, 285 Ark. 124, 685 S.W.2d 153 (1985). In this limited area, a writ remains an appropriate remedy because the question is whether the court was wholly without jurisdiction over the person as a matter of law rather than as a question of fact. *Green v. Mills, supra.* In this case, the question is whether Patricia was served in the manner required by law; therefore, a writ is the appropriate remedy.

 Likewise, under similar circumstances, we have concluded that the remedy of appeal would be inadequate. *Beaumont v. Adkisson, supra.* Similarly, this court has rejected the suggestion by the concurrence that Patricia should wait until after the contempt proceeding and then appeal:

> When it appears to the court having jurisdiction to issue the writ of prohibition, that the lower court, under any conditions, is without jurisdiction to try the accused upon the alleged information filed, to require him to invoke the remedy of appeal, occasioning delay and necessitating a supersedeas bond, or resulting in his being confined in jail pending the determination of his

appeal, would work an unnecessary and unreasonable hardship upon the accused.

*Duncan v. Kirby, Judge*, 228 Ark. at 921, 311 S.W.2d at 160.

██ Patricia contends that her court-appointed attorney was not empowered to receive notice in her behalf. Patricia argues that she did not receive the notice required by Ark. Code Ann. § 28-65-207(b)(2) in the manner prescribed in Ark. Code Ann. § 28-1-112. The State counters that under section 28-1-112(e) notice may be served upon the party's attorney of record. Section 28-65-207(b)(2) provides that notice of a hearing for the appointment of guardianship is to be served upon "[t]he parents of the alleged incapacitated person, if the alleged incapacitated person is a minor . . . ." Ark. Code Ann. § 28-65-207(b)(2) (Supp. 2001). Section 28-1-112(e) of the Probate Code provides as follows:

> SERVICE ON ATTORNEY. If there is an attorney of record for a party in a proceeding or matter pending in the court, all notices required to be served on the party in the proceeding or matter shall be served on the attorney, and this service shall be in lieu of service upon the party for whom the attorney appears.

Ark. Code Ann. § 28-1-112(e) (Supp. 2001). It is undisputed that service was made on Patricia's attorney of record. Thus, the service of notice was in compliance with Ark. Code Ann. § 28-1-112(e).[2]

██ Based on the arguments presented in support of the petition, we conclude it is not apparent on the face of the pleadings that the trial court is wholly without jurisdiction. Accordingly, we deny the writ.

---

[2] The State also contends that service was in compliance with Ark. R. Civ. P. 5 (2002). However, there may be a conflict between the provisions of Rule 5 and section 28-1-112(e). Rule 5(b) requires service on the party, not the attorney, "in a case where there is a final judgment but the court has continuing jurisdiction." *Office of Child Support Enforcement v. Ragland*, 330 Ark. 280, 286, 954 S.W.2d 218, 221 (1997) (superseded in part by amendments to Rule 5). The resolution of this potential conflict depends on whether this is a civil action or a special proceeding that would be exempted from our rules of civil procedure under Ark. R. Civ. P. 81(a) (2002). We decline to address the issue because it was neither raised nor briefed by the petitioner.

Writ of prohibition denied.

CORBIN, THORNTON, and HANNAH, JJ., concurring.

ARNOLD, C.J., not participating.

JIM HANNAH, Justice, concurring. I agree with the majority's decision that we should deny the petition for a writ of prohibition in the present case. I disagree with the majority's broad statements that "[a] writ is the appropriate vehicle to challenge a show-cause order where the petitioner alleges that the contempt proceedings are based on a void order," and that "where the petitioner alleges that the underlying order is void, a writ of prohibition is the appropriate vehicle to challenge a subsequent order for the petitioner to show cause why he or she should not be held in contempt." The majority is expanding the use of a writ of prohibition. In the present case, Patricia's proper remedy was an appeal of the juvenile court's January 10, 2001, order granting guardianship to the paternal grandparents, not a petition for a writ of prohibition to prevent the juvenile court from proceeding with an order to show cause hearing.

I must note that Patricia has named the individual judge as respondent to her petition. This is incorrect. Prohibition lies to the circuit court and not to the individual judge. *Pike v. Benton County Circuit Court*, 340 Ark. 311, 10 S.W.3d 447 (2000). The petition may be treated as one against the circuit court. *Id.*

A writ of prohibition is extraordinary relief which is appropriate only when the trial court is wholly without jurisdiction. *St. Paul Mercury Ins. v. Circuit Court, Craighead*, 348 Ark. 197, 73 S.W.3d 584 (2002). A writ of prohibition is appropriate only when there is no other remedy, such as an appeal, available. *Pike, supra.* The remedy of appeal was available to Patricia; however, she chose not to avail herself of that remedy. Instead, Patricia failed to comply with the juvenile court's order and, as a result, the paternal grandparents filed a petition for contempt on October 26, 2001. On November 8, 2001, the juvenile court entered an order to show cause for Patricia. Thereafter, Patricia filed a petition for a writ of prohibition with this court.

The juvenile court entered an *ex parte* temporary guardian-ship order on September 29, 2000. As a result of hearings in October and December 2000, at which Patricia was represented by counsel, and where the juvenile court heard evidence presented by the paternal grandparents and Patricia concerning the guardi-anship and Patricia's motions to dismiss, the juvenile court entered an order on January 10, 2001, granting guardianship to the pater-nal grandparents, denying Patricia's motions to dismiss for lack of subject-matter jurisdiction and personal jurisdiction, and finding that the juvenile court had subject-mater jurisdiction and personal jurisdiction. Patricia never filed a notice of appeal. However, in her petition for a writ of prohibition, which was not filed until May 13, 2002, Patricia raises arguments that she could have included in an appeal within thirty days of the January 10, 2001, order. The majority's statement that "[a] writ is the appropriate vehicle to challenge a show-cause order where the petitioner alleges that the contempt proceedings are based on a void order," has the effect of extending the time for an appeal and expanding the use of a writ of prohibition. Based on the majority's assertion, a petitioner does not lose the right to an appeal if he or she alleges that there is a void order at the inferior court.

The majority's reliance on *Duncan v. Kirby, Judge*, 228 Ark. 917, 311 S.W.2d 157 (1958), is misplaced. The majority quotes *Duncan, supra*, where the court stated:

> When it appears to the court having jurisdiction to issue the writ of prohibition, that the lower court, under any conditions, is without jurisdiction to try the accused upon the alleged informa-tion filed, to require him to invoke the remedy of appeal, occa-sioning delay and necessitating a supersedeas bond, or resulting in his being confined in jail pending the determination of his appeal, would work an unnecessary and unreasonable hardship upon the accused.

*Duncan v. Kirby, Judge*, 228 Ark. at 921, 311 S.W.2d at 160 (quot-ing *Evans v. Willis*, 97 P. 1047 (Okla. 1908)). *Duncan* is not on point. In *Duncan*, the petitioner was found guilty of refusing to obey the lawful orders of an officer of the United States Army, even though the alleged offense was not a punishable crime under State law. *Duncan, supra*. The *Duncan* court found that the infer-

ior court was without jurisdiction to try the petitioner for a crime which, under the laws of the State, did not exist.

The situation is different in the present case. Unlike *Duncan*, this case involves the enforcement of a juvenile court order, not the trial of an individual for a crime that did not exist under State law. Clearly, in *Duncan*, the trial court was wholly without jurisdiction. In the present case, after the January 10, 2001, order was entered, Patricia was in no danger of being confined to jail pending the determination of the appeal. Patricia did not allege that invoking the remedy of appeal, subsequent to the entry of the January 10, 2001, order, would have created an unworkable and unreasonable hardship for her and her children.

The juvenile court is not wholly without jurisdiction. The January 10, 2001, order is a valid, enforceable order of the juvenile court. Patricia failed to comply with the order, and she chose not to appeal the order. The juvenile court, exercising its inherent power, has ordered Patricia to appear to show cause why she has not complied with the court's orders. If Patricia is found in contempt, she can appeal the contempt order.

Though a writ of prohibition may be Patricia's *preferable* remedy, it is not the proper remedy. An appeal of the juvenile court's order would have been the correct remedy at law. *See Pike, supra.* My research has revealed no case, and the majority fails to cite any case, where a writ of prohibition has been granted where the following has occurred prior to the filing of a petition for a writ of prohibition:

1. The party is represented by counsel at the hearing;

2. The party presents evidence at the hearing;

3. The party argues a motion to dismiss based on lack of subject-matter jurisdiction and personal jurisdiction;

4. The juvenile court denies the motion to dismiss;

5. The juvenile court finds that it has subject-matter jurisdiction and personal jurisdiction;

6. The juvenile court enters a final order; and

7. The party does not appeal the final order, and the time for appeal expires.

The reason we have not found a case is because none exists. A writ of prohibition is not appropriate unless the trial court is wholly without jurisdiction. *St. Paul Mercury Ins., supra.* Here, the juvenile court is not wholly without jurisdiction. Also, a writ of prohibition is only appropriate when there is no other remedy available. *Pike, supra.* Here, Patricia could have appealed the January 10, 2001, order. By stating that a writ of prohibition is the appropriate vehicle in the present case, the majority is expanding the applicability of the writ of prohibition.

I concur with the majority's decision that the petition for a writ of prohibition should be denied.

CORBIN and THORNTON, JJ., join this concurrence.