Holly COCKRUM, M.D. *v.*
Honorable Timothy Davis FOX, Judge

04-42                                                          199 S.W.3d 69

Supreme Court of Arkansas
Opinion delivered December 2, 2004

*Friday, Eldredge & Clark,* by: *Laura Hensley Smith* and *Jason B. Hendren,* for petitioner.

*Law Offices of Peter Miller,* by: *Peter A. Miller,* for respondent.

ANNABELLE CLINTON IMBER, Justice. On January 23, 2003, Barbara and James David Ables, individually and on behalf of their unborn child, a viable fetus, filed suit against petitioner, Holly Cockrum, M.D., and ten unidentified John Does and Jane Does employed at the University of Arkansas for Medical Sciences (UAMS). In their complaint for obstetrical medical malpractice, the Ables assert the following claims of negligence against Dr. Cockrum:

14. Dr. Cockrum was negligent in failing to diagnose the condition of Ms. Ables and Baby Ables, in failing to treat Ms. Ables and her unborn child for such condition as should have reasonably been diagnosed, and in failing to exercise ordinary care in the delivery of Ms. Ables's child. Dr. Cockrum failed to exercise and apply the reasonable degree of skill, learning, and care exercised and applied by members of her profession in good standing. Additionally, Dr. Cockrum was negligent in the following particulars:

a. Failing to diagnose the condition of Ms. Ables and Baby Ables;

b. Failing to provide adequate information on the condition of Baby Ables to qualified physicians in a timely manner;

c. Failing to adequately monitor Baby Ables' fetal heart tones;

d. Failing to induce labor while Baby Ables was viable and healthy;

e. Failing to use ordinary care for the safety of Mrs. Ables and Baby Ables.

f. Failing to anticipate the necessity of delivering Baby Ables by Cesarean section, and ultimately failing to deliver Taylor Nicole Ables by Cesarean section;

g. Failing to provide adequate documentation of Mrs. Ables's and Baby Ables's condition;

h. Failing to use ordinary care for the safety of Mrs. Ables and Baby Ables.

With regard to their claims for damages, the Ables seek to recover damages on behalf of and as next of kin of the unborn fetus, as set forth in paragraph 16 of the complaint:

> 16. Baby Ables died as a direct and proximate result of Defendants' above-described negligence. Plaintiff Barbara Ables and James David Ables, on behalf of Baby Ables, are entitled to compensatory damages for which Defendants are jointly and severally liable. Plaintiffs, *on behalf of and as next of kin of Baby Ables*, are entitled to recover damages from Defendants for the following: (a) the death of Baby Ables; (b) the reasonable expense of any necessary medical care, treatment and services; (c) any pain, suffering, and mental anguish experienced in the past and reasonably certain to be experienced in the future; (d) the value of services and contributions of Baby Ables which Plaintiffs Barbara and David Ables are reasonably certain to lose in the future; and (e) loss of life suffered by Baby Ables.

(Emphasis added). In the next paragraph of the complaint, the Ables also seek to recover compensatory damages in their individual capacity:

> 17. As a further direct and proximate result of Defendants' above-described negligence which caused the death of their child, Plaintiffs Barbara Ables and David Ables, individually, have experienced extreme mental anguish, and, in all likelihood, will experience extreme mental anguish in the future. Plaintiffs Barbara and James David Ables, *in their individual capacity*, are entitled to recover damages from Defendants for the following: (a) any mental anguish experienced in the past and reasonably certain to be experienced in the future; and (b) the reasonable expense of any necessary medical or mental healthcare, treatment and services received in the past, including transportation, board, and lodging expenses necessarily incurred in securing such care, treatment and services, and the present value of such expense reasonably certain to be required in the future.

(Emphasis added).

On September 15, 2003, Dr. Cockrum filed a motion to dismiss, in which she alleged that "no personal representative has been appointed, and all of Baby Ables' heirs at law have not been

named as parties plaintiff to the suit."[1] According to Dr. Cockrum, the Ables lack standing to bring this action because all statutory beneficiaries under the wrongful-death statute, Ark. Code Ann. § 16-62-102 (Supp. 2003), must be named as heirs at law in the complaint if there is no personal representative. Further, Dr. Cockrum asserted to the trial court that this court's decision in *Ramirez v. White County Circuit Court*, 343 Ark. 372, 38 S.W.3d 298 (2001), mandated dismissal of the action. The trial court denied the motion to dismiss, ruling that the surviving parents are "heirs at law" pursuant to the tables of descent set forth in Ark. Code Ann. § 28-9-214(3) (Repl. 2004). Dr. Cockrum then filed a motion to reconsider the order denying the motion to dismiss, which motion was also denied by the trial court. Shortly thereafter, Dr. Cockrum filed this original action seeking a writ of prohibition to prevent the Pulaski County Circuit Court from proceeding with the wrongful-death action brought by the Ables, individually and on behalf of their unborn fetus.[2]

We recently reiterated the well-established standards for determining the propriety of a writ of prohibition:

> The writ of prohibition is extraordinary relief that is appropriate only when the trial court is *wholly* without jurisdiction. *Finney v. Cook*, 351 Ark. 367, 94 S.W.3d 333 (2002). The writ is appropriate only when there is no other remedy, such as an appeal, available. *Id.* Prohibition is a proper remedy when the jurisdiction of the trial court depends upon a legal rather than a factual question. *Id.* This court confines its review to the pleadings in the case. *Id.* Morever, prohibition is never issued to prohibit a trial court from erroneously exercising its jurisdiction. *Arkansas Dept. of Human Servs. v. Collier*, 351 Ark. 506, 95 S.W.3d 772 (2003). Additionally, a writ of prohibition is not the appropriate remedy for the denial of a motion to dismiss. *Farm Bureau Mutual Ins. Co. v. Southall*, 281 Ark. 141, 661 S.W.2d 383 (1983).

*Conner v. Simes*, 355 Ark. 422, 425-26, 139 S.W.3d 476, 478 (2003). Based on our review of the pleadings at issue here, we conclude that

---

[1] The Ables have two other children, James David Ables III, born August 3, 1985, and Felicia Day Ables, born April 9, 1987.

[2] Although Dr. Cockrum has named the individual judge as the respondent to her petition, prohibition lies to the circuit court and not the individual judge. *Premium Aircraft Parts, LLC v. Circuit Court of Carroll County*, 347 Ark. 977, 69 S.W.3d 849 (2002). Accordingly, we treat the petition as one against the circuit court. *Id.*

the plaintiffs in the underlying action may have filed claims against the defendants not only for the wrongful death of the unborn fetus, but also for medical malpractice in the treatment of Mrs. Ables. More specifically, the complaint alleges that Dr. Cockrum was negligent in the treatment of Mrs. Ables. Furthermore, the Ables seek to recover compensatory damages in their individual capacity, as well as on behalf of and as next of kin of the unborn fetus. While the parties do not raise this issue on appeal, the question of whether an order is final and subject to appeal is a jurisdictional question that this court will raise *sua sponte*. *Moses v. Hanna's Candle Co.*, 353 Ark. 101, 110 S.W.3d 725 (2003)(citing *Reed v. Ark. State Highway Comm'n*, 341 Ark. 470, 17 S.W.3d 488 (2000)).

▮ If the complaint states a separate claim for negligence in the treatment of Mrs. Ables, the trial court's denial of the motion to dismiss is not a final appealable order in that it does not dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Conner v. Simes, supra.*, (citing *Fisher v. Chavers*, 351 Ark. 318, 92 S.W.3d 30 (2002)). Granting a writ in this situation will permit a piecemeal appeal that merely tests the correctness of an interlocutory order. *Conner v. Simes, supra.* Similarly, in *Conner*, we refused to treat the petition for writ of prohibition as one for certiorari because the case did not present a situation where the remedy by appeal was inadequate. *Id.*

▮ With regard to the instant matter, once the trial court has disposed of *all* claims that may have been alleged in the pleadings, Dr. Cockrum can appeal the denial of the motion to dismiss, as an appeal from a final order also brings up for review any intermediate order. Ark. R. App. P.—Civ. 2(b)(2004). While we at one time appeared to endorse the use of an extraordinary writ to prevent untold time and expense, as well as unnecessary grief to the parties, *Fore v. Circuit Court of Izard County*, 292 Ark. 13, 727 S.W.2d 840 (1987), we have retreated from that overreaching language in *Lupo v. Lineberger*, 313 Ark. 315, 855 S.W.2d 293 (1993). *Conner v. Simes, supra.* In any event, this court has *never* used an extraordinary writ to narrow the claims alleged in a complaint. *Id.* "If the asserted threat of 'an unwarranted trial' were a sufficient basis for declaring the remedy by appeal to be inadequate, then a defendant could always appeal from the trial court's action in overruling a demurrer to the complaint. That, again, would be a

piecemeal appeal merely testing the correctness of an interlocutory order." *Burney v. Hargraves*, 264 Ark. 680, 682, 573 S.W.2d 912, 913 (1978). In short, we have never retreated from the unequivocal statement in *Burney v. Hargraves, supra,* that an asserted threat of an unwarranted trial is an insufficient basis to conclude that the remedy by appeal is not adequate.

For the above-stated reasons, we deny Dr. Cockrum's petition for writ of prohibition.

THORNTON, J., dissents.

R AY THORNTON, Justice, dissenting. I dissent from the majority's decision that Dr. Cockrum should be forced to defend a claim that is properly remedied by this court granting *certiorari.* By its decision, the majority again elevates form above substance and expands the holding from *Conner v. Simes,* 355 Ark. 422, 139 S.W.3d 476 (2003), to further extinguish extraordinary writs in our jurisprudence.

The majority opinion correctly notes that a writ of prohibition is not appropriate relief for the denial of a motion to dismiss. *Conner, supra.* We may, however, treat a petition for a writ of prohibition as a petition for a writ of *certiorari,* carving through the technicalities of the petition when circumstances so warrant. *Ballard v. Clark County Circuit Court,* 347 Ark. 291, 61 S.W.3d 178 (2001) *(per curiam); see also Arkansas Public Defenders Comm'n v. Burnett,* 340 Ark. 233, 12 S.W.3d 191 (2000). A writ of *certiorari* will lie when there is an act in the absence of jurisdiction, an act in excess of jurisdiction, or proceedings that are erroneous on the face of the record. *Conner, supra.* A writ of *certiorari* may be used to correct an action already taken by a trial court. *Burnett, supra. Certiorari* is extraordinary relief and requires a showing of plain, manifest, gross, and clear abuse of discretion on the face of the record. *Conner, supra.* Furthermore, we will not look beyond the record to determine the merits of the controversy, control discretion, review findings of fact, or reverse a trial court's discretionary authority. *Id.* Abuse of discretion is discretion applied thoughtlessly, without due consideration, or improvidently. *Carlew v. Wright,* 356 Ark. 208, 148 S.W.3d 237 (2004).

In the present case, the trial court clearly erred as to the controlling law for a wrongful-death action. We have held that a wrongful-death action is an action in derogation of common law and, as a statutory construction, it must be strictly construed.

*Ramirez v. White County Circuit Court*, 343 Ark. 372, 38 S.W.3d 298 (2001). We have also held that a wrongful-death action, where there is not a designated personal representative, is insufficient unless all of the statutory beneficiaries are named as parties. *Id.* If a wrongful-death action is brought by less than all of the named beneficiaries, the complaint is a legal nullity, and it is as if it never existed. *Id.* We held in *Ramirez* that the widower of the decedent failed to meet the statutory requirements when he failed to join their two children. *Id.* We issued a writ of prohibition to prevent the case from continuing. *Id.*

Here, petitioner moved to dismiss the wrongful-death action for failure to join all of the named beneficiaries under Ark. Code Ann. § 16-62-102 (Supp. 2003). The trial court did not follow the law as articulated in *Ramirez, supra,* and denied the motion to dismiss.

It is clear that the trial court erred in declining to follow the statutory requirement that all statutory beneficiaries, namely the Ables' other two children, must be joined in a wrongful-death action if there is no personal representative. The wrongful-death action should have been dismissed. The trial court clearly abused its discretion in disregarding the precedent of *Ramirez, supra.* This act exceeded the trial court's discretion, and the writ of *certiorari* is appropriate to remedy the clear, plain, manifest, and gross abuse of discretion in denying the motion to dismiss the wrongful-death claim as to Baby Ables. Accordingly, I would grant the writ of *certiorari.*

The majority likens this case to the situation in *Conner, supra.* In *Conner,* this court was faced with a petition for a writ of prohibition when a trial court denied a motion to dismiss a wrongful-death claim on behalf of an unborn child. The actions that resulted in the alleged wrongful-death occurred before our decision in *Aka v. Jefferson Hospital Association*, 344 Ark. 627, 42 S.W.3d 508 (2001), went into effect. There was not a cognizable claim at the time the injury arose. The majority denied the petition for a writ of prohibition and refused to treat the petition as one for *certiorari* holding that there was an adequate remedy on appeal. Furthermore, the majority concluded that we would be endorsing piecemeal litigation if we granted the writ. I dissented in *Conner* because I believe that there is a vested right to be free from an unwarranted lawsuit, as we noted in *Forrest City Machine Works v. Aderhold*, 273 Ark. 33, 616 S.W.2d 720 (1981). *See Conner, supra* (Thornton, J. dissenting). In *Conner, supra,* there was a second

count pleaded in the court below, and the majority relied on this second count to deny the writ. The majority based its decision about piecemeal litigation on the fact that there was a second enumerated count in the complaint.

In this case however, as the majority notes, there "may be" another claim camouflaged in the complaint. The majority does not say whether there is or is not another claim and the parties do not contend that there was one. The poorly-drafted complaint is not clear enough to distinguish whether a second count was before the trial court in this case.

The majority further confuses extraordinary writs with interlocutory appeals. An *extraordinary* writ arises only in *extraordinary* circumstances. There is no need for a final appealable order for a writ to issue. In fact, a final and appealable order defeats the issuance of any writ because an adequate remedy on appeal may instead be had. Extraordinary writs function outside of the normal rules of appellate procedure to provide extraordinary relief and should not be treated as an appeal under a different name.

I believe that the majority is emasculating the useful purpose of extraordinary writs in this case by expanding *Conner, supra,* to include preventing the applicability of extraordinary writs on the basis of a hypothetical argument not raised by the parties in the case *sub judice.* For these reasons, I respectfully dissent.